**SO ORDERED.**

Dated: February 8, 2021

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry Order

Daniel P. Collins, Bankruptcy Judge
_____

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | MICHAEL A. & JACKIE L. HOFFMAN |
| **Case Number:** | 2:20-BK-12088-DPC | **Chapter:** 7 |
| **Date / Time / Room:** | MONDAY, FEBRUARY 08, 2021 01:30 PM  TELEPHONIC HRGS |
| **Bankruptcy Judge:** | DANIEL P. COLLINS |
| **Courtroom Clerk:** | RENEE BRYANT |
| **Reporter / ECR:** | N/A |

## *Matter:*

PRO SE DEBTOR REAFFIRMATION AGREEMENT CREDITOR: CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.  FILED BY ARVIND NATH RAWAL OF AIS DATA SERVICES ON BEHALF OF CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.

**R / M #:** 15 / 0

## *Appearances:*

TREVOR ASH,  ATTORNEY FOR MICHAEL A. HOFFMAN, JACKIE L. HOFFMAN
MICHAEL A. HOFFMAN, PRESENT

# Minute Entry Order

(continue)...   2:20-BK-12088-DPC                MONDAY, FEBRUARY 08, 2021 01:30 PM

*Proceedings:*

**COURT:**

On January 25, 2021, Debtor(s) filed a request to approve a reaffirmation agreement ("Reaffirmation Agreement") on a debt ("Debt") owed to Capital One Auto Finance, a division of Capital One, N.A. (Creditor") and secured by a 2013 Scion (Collateral").

On February 8, 2021, at 1:30 p.m., the Debtor(s) appeared at a hearing on approval of the Reaffirmation Agreement.  At the hearing, the Court was informed that the Debtor(s) is/are current on payments to the Creditor and that the Collateral is insured. After reviewing the Reaffirmation Agreement, the Debtor'(s) Statement of Intention and Schedules, including Schedules I and J, and after conducting a hearing on the Reaffirmation Agreement:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      That Debtor(s)' request to approve the Reaffirmation Agreement is DENIED because the Court finds, that it is not in the Debtor'(s) best interest to reaffirm the Debt and/or, to the extent applicable, the presumption of hardship under 11 U.S.C. § 524(m) has not been overcome by the Debtor(s) or Creditor.

2.      The Debtor(s) has/have, however, complied with the requirements of 11 U.S.C. § 362(h) and 521(a) by timely indicating an intent to reaffirm the Debt and by executing the Reaffirmation Agreement.  Because the Debtor(s) has/have complied with the requirements of 11 U.S.C. § 362(h) and 521(a)(2), 11 U.S.C. § 521(d), which makes "*ipso facto* default" clauses enforceable, does not apply in this case.  See In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007).  Accordingly, CREDITOR MAY NOT REPOSSESS THE COLLATERAL AFTER DEBTOR(S)' DISCHARGE IS ENTERED BASED SOLELY ON DEBTOR(S)' FILING OF THIS BANKRUPTCY CASE.

3.      Because the Debtor(s) has/have complied with the requirements of § 362(h) and 521(a)(2) and is current on the Debt to Creditor, Debtor(s) may retain the Collateral so long as he/she/they continue(s) to make timely payments and complies(y) with the requirements of Creditor's loan documents ("Loan Documents").

# Minute Entry Order

(continue)...  **2:20-BK-12088-DPC**          **MONDAY, FEBRUARY 08, 2021 01:30 PM**

4.      Acceptance of payments from the Debtor(s), pursuant to the terms of this order, is NOT a violation of 11 U.S.C. § 524(a)(2).

IT IS FURTHER ORDERED that, to the extent possible within its system, the Creditor is authorized to send monthly informational statements concerning the Debt to the Debtor(s).

Notice to be sent through the Bankruptcy
Noticing Center "BNC" to the following:

Michael & Jackie Hoffman
38229 W. Orange Drive
Tonopah, Az 85354

Capital One Auto Finance
4515 N. Santa Fe Ave
Oklahoma City, OK 73118